IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

INNOVATION TECHNOLOGIES, INC.
        Plaintiff,

v.

MERIT MEDICAL SYSTEMS, INC.
        Defendant.
_____/

Civil Action No. 1:99cv183 MMP
(INJUNCTIVE RELIEF REQUESTED)
(Date)

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, INNOVATION TECHNOLOGIES, INC., ("ITEC") by and through its attorneys, Saliwanchik, Lloyd & Saliwanchik, A Professional Association, sues Defendant, MERIT MEDICAL SYSTEMS, INC. ("MERIT") and alleges the following:

### I. PARTIES JURISDICTION AND VENUE

1.     Plaintiff, ITEC, is a Florida corporation having an address 500 N.W. 23rd Street, Gainesville, Florida 32607.

2.     Upon information and belief, Defendant, MERIT, is a Utah corporation having its principal place of business at 1600 W. Merit Parkway, South Jordan, Utah, 84095.

3.     This is an action arising out of the patent laws of the United States. This Court has jurisdiction under 28 U.S.C. Sec. 1331.

4.     Venue is proper in this District under 28 U.S.C. Secs. 1391(b) and 1400(b).

## II. FACTS AND CAUSES OF ACTION

5. On November 3, 1998, United States Letters Patent No. 5,830,197 entitled "Wound Irrigation Device and Method" was duly and legally issued to Plaintiff, ITEC, for an invention relating to new and advantageous methods for irrigating wounds.

6. Plaintiff is and has continuously been the owner of all rights, title, and interests in and to the invention of United States Letters Patent No. 5,830,197 entitled "Wound Irrigation Device and Method."

7. Defendant, MERIT, has been infringing the patent by its manufacture, use, and sale of wound irrigation devices which practice the methods covered by the claims of the patent and will continue to do so unless enjoined by this Court.

8. Defendant, MERIT, has been infringing the patent by its practice of methods covered by the claims of the patent and will continue to do so unless enjoined by this Court.

9. Defendant has also been inducing infringement of the patent and/or contributing to the infringement of the patent by others and will continue to do so unless enjoined by this Court.

10. Defendant is aware of this patent, yet continues to engage in infringing activities and will continue to do so unless enjoined by this Court.

11. Defendant's devices have been advertised for sale in industry catalogs and on the Internet.

12. Defendant maintains and operates an Internet Web site offering the devices for sale.

13. Defendant has had sales of the devices as a result the Internet Web site in the state of Florida and in this Judicial District.

Saliwanchik, Lloyd & Saliwanchik●A Professional Association ● 2421 N W 41ˢᵗ Street ●Suite A-1● Gainesville, FL 32606-6669
(352)375-8100 • Fax (352) 372-5800

14. Defendant maintains and operates a toll-free phone number offering the devices for sale.

15. Defendant has had sales of the devices as a result of the toll-free phone number in the state of Florida and in this Judicial District.

16. As a result of Defendant's infringing activities, Plaintiff, ITEC, has been deprived sales and/or business opportunities relating to its wound irrigation device which it otherwise would have and Defendant has in other respects injured Plaintiff and will cause Plaintiff added injury and damage, including loss of profits in the future, unless Defendant is enjoined from the infringing activity.

17. As a result of Defendant's infringing activities, Plaintiff, ITEC, has been injured in an amount to be determined.

### III. PRAYER

WHEREFORE, Plaintiff, ITEC, prays that:

A. Defendant, its principals, shareholders, officers, employees, agents, representatives, and all persons acting in concert with it, be enjoined during the pendency of this suit and permanently thereafter from:

> Making, using or selling products which infringe Plaintiff's patent and from inducing others to infringe and from contributing to infringement by others; and

B. Plaintiff, upon final trial of this case, be awarded:

> 1. All damages arising from Defendant's wrongful acts;
>
> 2. Increased damages for patent infringement pursuant to 35 U.S.C. Sec. 284;

Saliwanchik, Lloyd & Saliwanchik●A Professional Association ● 2421 N.W. 41ˢᵗ Street ●Suite A-1● Gainesville, FL 32606-6669
(352)375-8100 • Fax (352) 372-5800

3. Attorney fees pursuant to 35 U.S.C. Sec 285;

4. Increased damages and profits;

5. Attorneys fees and prejudgement interests;

6. Costs of Court; and

7. Such other and further relief to which he may be entitled.

Respectfully submitted,

Christine Q. McLeod
Florida Bar No. 931,111
SALIWANCHIK, LLOYD & SALIWANCHIK
A Professional Association
2421 NW 41st Street, Suite A-1
Gainesville, Fl 32606
Tel (352)375-8100
Fax (352)375-5800
ATTORNEY FOR PLAINTIFF

4